UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                 'O'

| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Todd Daley | Not Present |

**Proceedings:** MOTION FOR DEFAULT JUDGMENT AS TO ALL NON-APPEARING CLAIMANTS (Dkt. 18, filed on July 25, 2022)

## I.   INTRODUCTION

On June 3, 2022, plaintiff-in-limitation, REDONDO SPECIAL, LLC, filed a complaint for exoneration from or limitation of liability. Dkt. 1.

On June 8, 2022, the Court issued an order of injunction and monition, granting plaintiff-in-limitation's stipulation for value and costs and letter of undertaking and approving plaintiff-in-limitation's request for an injunction, dkt. 8, thereby staying all proceedings and claims against plaintiff-in-limitation.

The Court also issued on June 8, 2022, a notice of complaint for exoneration from or limitation of liability, dkt. 9 (the "Notice"), admonishing all persons wishing to contest plaintiff-in-limitation's complaint in this matter to file their claims with the Clerk of Court on or before July 15, 2022.

On July 20, 2022, at plaintiff-in-limitation's request, the Clerk of Court entered the default of all non-appearing claimants. Dkt. 17.

On July 25, 2022, plaintiff-in-limitation filed a motion for default judgment as to all non-appearing claimants. Dkt. 18 ("Mot."). None of the non-appearing claimants have responded.

Plaintiff-in-limitation's motion for default judgment is presently before the Court. On August 29, 2022, the Court held a hearing at which no claimants appeared. Having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

carefully considered plaintiff-in-limitation's arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

On or about June 8, 2021, the M/V REDONDO SPECIAL ("Vessel") was operating in the Santa Monica Bay area of the Pacific Ocean. Dkt. 1 ¶ 10. Briana Brittain, a passenger on board the Vessel that day, claims to have sustain personal injuries as a result of the negligence of the vessel during its operations. Id. at ¶ 11. On March 30, 2022, Brittain, through counsel, made a policy limits claim on the marine insurer of the Vessel, alleging personal injuries as a result of the incident. Id. at ¶ 12.

On June 3, 2022, plaintiff-in-limitation filed a complaint for exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"). See generally Dkt. 1.

As stated above, on June 8, 2022, the Court issued an order of injunction and monition, granting plaintiff-in-limitation's stipulation for value and costs and letter of undertaking and approving plaintiff-in-limitation's request for an injunction, dkt. 8, thereby staying all proceedings and claims against plaintiff-in-limitation. The Court also issued on June 8, 2022, a notice of complaint for exoneration from or limitation of liability, admonishing all persons wishing to contest plaintiff-in-limitation's complaint in this matter to file their claims with the Clerk of this Court on or before July 15, 2022. Dkt. 9.

As noted above, the Clerk of Court entered the default of all non-appearing claimants at plaintiff-in-limitation's request on July 20, 2022. Dkt. 17.

Plaintiff-in-limitation mailed a copy of the Notice, via certified mail return receipt requested, to every person known to have made a claim against the Vessel or plaintiff-in-limitation arising out of the voyage on which the claims sought to be limited arose—here, Briana Brittain. Dkt 11-1.

Further, pursuant to this Court's order, dkt. 8, and Rule F(4) of the Supplemental Rules, plaintiff-in-limitation published the Notice in the Los Angeles Daily Journal on June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

14, 21, 28; and July 5, 2022; and in The Daily Breeze on June 15, 22, 29; and July 6, 2022. Dkts. 12–14; Dkt. 18-2 ("Daley Decl."), ¶ 3.

Despite receiving the Notice of this action, and returning the signed certified mail return receipt to plaintiff-in-limitation's counsel, dkts. 11, 11-1, passenger Briana Brittain did not timely file any claim against plaintiff-in-limitation before the July 15, 2022 deadline. Dkt. 11; Daley Decl., ¶¶ 3–5.

As of the time of plaintiff-in-limitation's moving papers filed on July 25, 2022, no person has timely filed any claim against plaintiff-in-limitation in connection with the instant Limitation Action. Daley Decl., ¶¶ 3–5. No claimants have filed or served claims or have otherwise appeared in this action. Plaintiff-in-limitation is further informed and believes that no non-appearing claimants are persons in the military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). Id. at ¶ 7.

Plaintiff-in-limitation now requests this Court to enter default judgment against all non-appearing claimants, barring and restraining them from filing claims against plaintiff-in-limitation in any court, which might have been properly filed in this limitation proceeding. See generally Mot.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a court to enter default judgment after the Clerk enters a default under Rule 55(a). "Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

"The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a). In such an action, the vessel owners must follow the procedures set forth in the Supplemental Admiralty Rules. See 28 U.S.C. Suppl.

"If a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and 'the notice requirements of Supplemental [Admiralty] Rule F,' courts have discretion to grant default judgment against claimants who do not answer." Matter of Pamela Rose Holdings, LLC, No. 218CV03257ODWSSX, 2019 WL 7987927, at *1–4 (C.D. Cal. Feb. 5, 2019) (citing Matter of Duley, No. 8:16-cv-00135-JLS-DFM, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017); In re Burchell Enters., Inc., No. 04-5193SBA, 2005 WL 1154302, at *2 (N.D. Cal. May 16, 2005) (entering default judgment against all non-appearing claimants); see also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra Ent. Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

## IV. DISCUSSION

### A. Procedural Requirements

Plaintiff-in-limitation has satisfied the procedural requirements for entry of a default judgment: (1) the Clerk of this Court entered default against all non-appearing claimants on July 20, 2022, dkt. 17; (2) the default was entered as to the summons, see id.; (3) & (4) no facts indicate that the potential claimants are minors, incompetent persons, in military service, or otherwise exempted under the Servicemembers Civil Relief Act, see Mot. at 3; and (5) plaintiff-in-limitation was not required to serve this motion on any defaulting party because no defaulting party has appeared personally or by a representative in this action, Fed. R. Civ. P. 55(b)(2); see Matter of Campbell, No. SACV 17-00649-CJC(DFMx), 2017 WL 8180611, at *2 (C.D. Cal. Aug. 23, 2017). Thus, plaintiff-in-limitation complied with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

the procedural prerequisites for entry of default judgment. See PepsiCo Inc., v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (finding that the procedural requirements of Rule 55 and Local Rule 55-1 have been met where plaintiffs address each required factor in their application for default judgment).

Pursuant to the Court's June 8, 2022 Order, plaintiff-in-limitation provided notice to all potential claimants by publishing the Notice in the Los Angeles Daily Journal on June 14, 21, 28; July 5, 2022; and in The Daily Breeze on June 15, 22, 29; July 6, 2022. See dkts. 12–14; Daley Decl., ¶ 3. Plaintiff-in-limitation also served all known or anticipated claimants—Brianna Brittain—with notice of the action and copies of the Court's Order by the Court's deadline, one day prior to the date of the second publication, which was June 20, 2022. Dkt 11, Dale Decl., ¶ 4. Thus, plaintiff-in-limitation has satisfied all the procedural requirements set forth by federal statute, the Supplemental Admiralty Rules, and the Local Rules, and the Court proceeds to the merits of its motion.

### B. Application of the Eitel Factors

The Court also finds that entry of default judgment is appropriate under the Eitel factors.

#### 1. Risk of Prejudice to Plaintiff

A denial of default judgment would prejudice plaintiff-in-limitation because any delay in resolving this case is unnecessary. See Matter of Campbell, 2017 WL 8180611, at *2. Plaintiff-in-limitation would be prejudiced by the denial of its motion and forced to spend additional time and effort litigating an action in which no claims have been made and no answers filed. See Matter of Duley, 2017 WL 8180609, at *2 (citing Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005)) (stating that there is "no just reason for delay in entering a judgment against those who have not yet submitted claims"). A delay would serve no purpose here.

Accordingly, the first Eitel factor weighs in favor of entering default judgment for plaintiff-in-limitation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

2. <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

Courts often consider the second and third <u>Eitel</u> factors together. <u>See</u> <u>PepsiCo</u>, 238 F. Supp. 2d at 1175; <u>HTS, Inc. v. Boley</u>, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third <u>Eitel</u> factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (quotation marks omitted); <u>see also</u> <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, plaintiff-in-limitation is not making a substantive claim, but rather is seeking a declaration exonerating it from liability as to potential claimants who have not yet appeared in this action despite publication of the notice. Further, as set forth above, the complaint has met the substantive and procedural requirements under the Federal Rules of Civil Procedure, the Supplemental Admiralty Rules, and the Local Rules. <u>See supra</u> Part IV.A. The complaint is not likely to be subject to further disputes as no other claimants have appeared in response to the publications. <u>See Matter of Campbell</u>, 2017 WL 8180611, at *2.

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

3. <u>Sum of Money at Stake in the Action</u>

When a plaintiff seeks monetary damages, the fourth Eitel factor balances a "comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

Here, no sum of money is currently at stake because plaintiff-in-limitation is not seeking monetary damages, but rather a declaration that plaintiff-in-limitation is exonerated from liability for all claims arising out of the June 8, 2021 incident. See generally Mot.

Accordingly, the fourth Eitel factor weighs in favor of entry of default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, plaintiff-in-limitation "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" all non-appearing claimants. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see Elektra, 226 F.R.D. at 393.

Accordingly, the fifth factor weights in favor of granting the motion for default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether a party's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.

Here, there is no indication of excusable neglect as no party has appeared, despite the fact that plaintiff-in-limitation published notice of the action and served all known or anticipated claimants with notice of the action and copies of the Court's June 8, 2022 Order. See supra, Part IV.A.

Accordingly, the sixth factor favors entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-03804-CAS (AFMx) | Date | August 29, 2022 |
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 M/V "REDONDO SPECIAL" FOR EXONERATION FROM OR LIMITATION OF LIABILITY | | |

       6.      Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted).

While public policy dictates that courts prefer to adjudicate issues on the merits, no contesting parties have appeared, so a decision on the merits as to such non-appearing claimants in this case is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177.

Accordingly, the seventh factor does not preclude entry of default judgment.

       7.      Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment on plaintiff's copyright infringement claim, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against all non-appearing claimants with respect to plaintiff's complaint for exoneration from or limitation of liability is appropriate.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff-in-limitation's motion for default judgment. A default judgment is issued concurrently with this order.

       IT IS SO ORDERED.

                                           00   :   03
                        Initials of Preparer         CMJ