UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Todd Daley | Elan Zektser |

**Proceedings:**   MOTION TO SET ASIDE DEFAULT JUDGMENT (Dkt. 23, filed on SEPTEMBER 21, 2023)

## I.   INTRODUCTION AND BACKGROUND

On June 3, 2022, plaintiff-in-limitation, REDONDO SPECIAL, LLC, filed a complaint for exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules").  Dkt. 1.

Plaintiff-in-limitation alleges that on or about June 8, 2021, the M/V REDONDO SPECIAL (the "vessel") was operating in the Santa Monica Bay area of the Pacific Ocean.  Dkt. 1 ¶ 10.  Briana Brittain, a passenger on board the vessel that day, claims to have sustained personal injuries as a result of the negligence of the vessel during its operations.  Id. at ¶ 11.  On March 30, 2022, Brittain, through counsel, made a policy limits claim on the marine insurer of the vessel, alleging personal injuries as a result of the incident.  Id. at ¶ 12.

On June 8, 2022, the Court issued an order of injunction and monition, granting plaintiff-in-limitation's stipulation for value and costs and letter of undertaking and approving plaintiff-in-limitation's request for an injunction, dkt. 8, thereby staying all proceedings and claims against plaintiff-in-limitation.

That same day, the Court also issued a notice of complaint for exoneration from or limitation of liability, dkt. 9 (the "Notice"), admonishing all persons wishing to contest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

plaintiff-in-limitation's complaint in this matter to file their claims with the Clerk of Court on or before July 15, 2022.

Plaintiff-in-limitation mailed a copy of the Notice, via certified mail return receipt requested, to every person known to have made a claim against the vessel or plaintiff-in-limitation arising out of the voyage on which the claims sought to be limited arose—here, Briana Brittain. Dkt 11-1.

Further, pursuant to this Court's order, dkt. 8, and Rule F(4) of the Supplemental Rules, plaintiff-in-limitation published the Notice in the Los Angeles Daily Journal on June 14, 21, 28; and July 5, 2022; and in The Daily Breeze on June 15, 22, 29; and July 6, 2022. Dkts. 12-14; dkt. 18-2 ("Daley Decl."), ¶ 3.

Despite receiving the Notice of this action and returning the signed certified mail return receipt to plaintiff-in-limitation's counsel, dkts. 11, 11-1, passenger Briana Brittain did not timely file any claim against plaintiff-in-limitation before the July 15, 2022 deadline. Dkt. 11; Daley Decl., ¶¶ 3-5.

On July 20, 2022, at plaintiff-in-limitation's request, the Clerk of Court entered the default of all non-appearing claimants. Dkt. 17.

On July 25, 2022, plaintiff-in-limitation filed a motion for default judgment as to all non-appearing claimants. Dkt. 18. Plaintiff-in-limitation requested that this Court enter default judgment against all non-appearing claimants, barring and restraining them from filing claims against plaintiff-in-limitation in any court, which might have been properly filed in this limitation proceeding. Id. As of the time of plaintiff-in-limitation's moving papers filed on July 25, 2022, no person had timely filed any claim against plaintiff-in-limitation in connection with the instant Limitation Action. Daley Decl., ¶¶ 3-5. No claimants had filed or served claims or had otherwise appeared in this action. Plaintiff-in-limitation was further informed and believed that no non-appearing claimants were persons in the military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). Id. at ¶ 7.

On August 29, 2022, the Court granted plaintiff-in-limitation's motion for default judgment, dkt. 21, and default judgment was entered, dkt. 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

On September 21, 2023, claimant Briana Brittain ("Claimant") filed a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Dkt. 23. On September 26, 2023, plaintiff-in-limitation filed an opposition to Claimant's motion to set aside default judgment. Dkt. 25. On October 9, 2023, Claimant filed a reply to plaintiff-in-limitation's opposition. Dkt. 26.

On October 23, 2023, the Court held a hearing on Claimant's motion to set aside default judgment. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

Further, pursuant to Federal Rule of Civil Procedure 55(c), a default should be set aside for "good cause." Three factors are considered by the Court in determining whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. Pro. 55(c) as for reviewing default judgments under Fed. R. Civ. Pro. 60(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

### III. DISCUSSION

Claimant argues that the Court should set aside the default judgment because Claimant maintained her intent to assert a claim through several communications with both the insurance carrier and counsel for plaintiff-in-limitation. Dkt. 23 at 6-8; see also Muniz v. Vidal, 739 F.2d 699, 700 (1st Cir. 1984) ("The defaulting party 'has appeared,' for purposes of this rule, if he has 'indicated to the moving party a clear purpose to defend the suit'"); Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977) ("In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

Claimant asserts that she "provided photographic evidence of her injuries, medical billing and records, and theories of liability to Redondo Special, LLC via its counsel Todd Daley, all prior to their filing of a complaint for exoneration from or limitation of liability on June 3, 2022." Dkt. 23 at 8. She further alleges she exchanged emails with plaintiff-in-limitation's counsel to settle the claim both before and after plaintiff-in-limitation filed the complaint for exoneration from or limitation of liability. Id. Thus, plaintiff contends these communications and settlement negotiations "constituted an appearance," which required plaintiff-in-limitation to provide her with notice of the request for entry of default and default judgment. Id. at 9. Instead, Claimant alleges plaintiff-in-limitation "conveniently did not respond to the July 6, 2022 and August 18, 2022 emails sent [] by Claimant offering to compromise in between the filing of the Complaint and the granting of the default judgment" and that she would have asserted her claim formally in court if she knew about the default proceedings.[1] Id. Because she did not receive notice of the proceedings, in violation of her right to due process, Claimant argues that the Court should render the default judgment void and grant her leave to file an answer. Id. at 11.

---

[1] Claimant alleges counsel for plaintiff-in-limitation engaged in "culpable conduct" by purposefully withholding information regarding the default proceedings. Dkt. 23 at 10. Plaintiff-in-limitation rejects Claimant's allegations regarding its "culpable conduct," asserting it "is not obligated to 'leave the settlement door open' indefinitely when Claimant's counsel has, with full knowledge and notice of the Complaint filed against her, failed to respond diligently, and the file been closed." Dkt. 25 at 10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

In opposition, plaintiff-in-limitation asserts that Claimant received actual notice of the complaint for exoneration from or limitation of liability and notice of complaint with seal, and she further concedes that she received "the Redondo Special, LLC's LOLA Complaint and attendant Exhibits (Dkts. 1, 1-1, 1-2), the Civil Cover Sheet (Dkt. 2), the Notice of Interested Parties (Dkt. 3), the Notice of Assignment (Dkt. 4), the Notice to Parties re ADR Program (Dkt. 5), and the Notice to Counsel Re Agreement to Proceed Before Magistrate (Dkt. 6)." Dkt. 25 at 3. Plaintiff-in-limitation contends that it complied with all of the procedural and notice prerequisites for entry of default judgment, such as publishing the Notice in the Los Angeles Daily Journal and in The Daily Breeze. Id. at 4. While Claimant relies on Muniz v. Vidal to argue that her "unilateral settlement emails constitute an 'appearance' in this action," plaintiff-in-limitation relies on the Ninth Circuit's opinion in S.E.C. v. Internet Solutions for Business. Id. at 6. In S.E.C., the Ninth Circuit held "that a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." Id.; S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). Thus, plaintiff-in-limitation argues that the Court should deny Claimant's motion because Claimant had actual notice that the suit had been filed. Dkt. 25 at 10.

Plaintiff-in-limitation additionally argues that the Court should not set aside the default judgment pursuant to Rule 55(c). Id. at 12. It first argues that Claimant is culpable because she intentionally failed to answer despite having received notice of the action. Id. at 13. Further, plaintiff-in-limitation alleges it would suffer undue prejudice in the event the Court grants Claimant's motion. Id. Plaintiff-in-limitation complied with the required valuation process for limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and filed an "*Ad Interim* Stipulation for Value of Costs and a Letter of Undertaking, which included a full appraisal by a certified marine surveyor of the vessel's value at the end of the subject voyage involving Claimant Brittain." Id. at 13-14; see also dkt. 7. Plaintiff-in-limitation asserts that the vessel, having been in regular use for the past year and undergone an engine replacement, is in a materially changed condition from its condition following the appraisal pursuant to the Federal Rules of Civil Procedure, Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. 25 at 14. As a result, plaintiff-in-limitation contends that it would suffer prejudice if the Court sets aside the default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

judgment because the vessel's changed condition affects "the size of the limitation fund based on the prior certified marine surveyor's appraisal." Id. at 14-15.

In reply, Claimant argues that she was served a "defective complaint" and believed the parties "were negotiating the complaint in good faith."[2] Dkt. 26 at 2 (emphasis omitted). According to Claimant, the parties were engaging in settlement negotiations, which constitutes an appearance in this action, and instead of receiving a response about settlement, her attorney received a "surprise" entry of default judgment. Id. at 3. Finally, Claimant asserts that setting aside the default judgment would not prejudice plaintiff-in-limitation because the "facts of this case do *not* rest on the condition of the boat in any manner," and further, wear and tear on the vessel would only advantage plaintiff-in-limitation for purposes of damages. Id.

It appears that because Claimant did not bring this motion within one year, she is seeking to rely on Rule 60(b)(4), which does not have a one-year time requirement. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."). Rule 60(b)(4) also requires that there be a void judgment. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010); see also United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). However, in order to establish a void judgment under Rule 60(b)(4), the moving party must show a lack of either subject matter jurisdiction or personal jurisdiction, and here, Claimant does not contend that the Court lacked jurisdiction. In fact, Claimant admits that she received notice of the limitation complaint.

Alternatively, for purposes of Rule 60(b)(4), a moving party may claim that there had been a denial of due process. See United Student Aid Funds, Inc., 559 U.S. at 271 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of

---

[2] It appears the alleged defect is that the Notice of Complaint was dated June 8, 2021, instead of June 8, 2022. Dkt. 23-1, Exh. 12. In any event, Claimant does not explain how she was misled by the incorrect date. Moreover, the Notice, as Claimant acknowledges, provides that "[a]ll persons having such claims and wishing to contest Plaintiff in Limitation's complaint must file such claims, if at all, as provided in Rule F of the Supplemental Rules, . . . on or before July 15, 2022, . . . " which Claimant failed to do. Dkt. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:22-CV-03804 CAS (AFMx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | IN THE MATTER OF THE COMPLAINT OF REDONDO SPECIAL, LLC, AS OWNERS OF THE 65-FOOT, 1957 MV REDONDO SPECIAL | | |

notice or the opportunity to be heard."). It appears that Claimant seeks to avail herself of this latter theory by arguing that the settlement negotiations between her counsel and counsel for plaintiff-in-limitation provided notice of her appearance. However, the cases upon which Claimant relies do not arise in admiralty. In this case, as plaintiff-in-limitation argues, there was an *in rem* proceeding requiring claimants to submit claims by a date certain. Claimant makes no claim of estoppel, and the mere fact that Claimant's attorney participated in negotiations with counsel for plaintiff-in-limitation does not in these circumstances demonstrate any lack of constitutional due process.

The Court finds that Claimant had actual notice of this action and has not provided any justification for her failure to appear or for her delay in bringing this motion over one year after the entry of default judgment. See id. at 275 ("Rule 60(b)(4) does not provide a license for litigants to sleep on their rights."). Moreover, to set aside the default judgment, the Court would have to unwind a complicated set of events for the parties to return to the status quo, which would likely result in prejudice to plaintiff-in-limitation. Finally, Claimant has not demonstrated a substantial likelihood of success on the merits. Accordingly, the Court finds that it would be inappropriate to set aside default judgment pursuant to Rule 60(b)(4) and Rule 55(c).

## IV.  CONCLUSION

In accordance with the foregoing, the Court DENIES Claimant's motion to set aside default judgment.

IT IS SO ORDERED.

|  |  | 00 | : | 14 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |